# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL D. FISH | CIVIL ACTION |
| VERSUS | NO. 09-4499 |
| WARDEN, WINN CORRECTIONAL CENTER | SECTION "J"(5) |

## TRANSFER ORDER

Petitioner, MICHAEL D. FISH, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1999 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) His 20-year sentence is excessive;

2) His habitual offender sentence is unconstitutional;

3) He was denied effective assistance of counsel; and

4) The State unlawfully used a prior misdemeanor offense as a predicate offense to enhance his sentence and impose a 20-year sentence as a second felony offender.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Michael D. Fish v. Tim Wilkinson</u>, Civil Action 04-3179 "J"(5). In that petition, petitioner raised the following grounds for relief:

1) Petitioner's sentence is excessive with the enhancement measures and provision of La. R.S. 15:529.1;

2) It is double jeopardy for petitioner to be sentenced to two consecutive terms of imprisonment resulting from the same act and based on the continued transaction connected together, constituting part of the plan and the further enhancement of the provisions of La. R.S. 15:529.1;

3) Both convictions of case no. 99-1067; La. R.S. 14:65.1 and R.S. 14:55 sentences of five years to run consecutive are used with one prior for the finding of petitioner as a second felony offender pursuant to the habitual offender law;

4) The record fails to reflect the court's articulating circumstances for expressing consecutive terms of imprisonment for factors for risk of safety to public, dangerousness of offense, harm done to victim, and potential for defendant's rehabilitation, for expressing consecutive sentences;

5) The State failed to present any evidence tending to establish the element of force or intimidation an essential element necessary to constitute the offense.

That petition was dismissed with prejudice as untimely by Judgment entered June 27, 2005. Petitioner appealed the judgment. The court of appeal dismissed the appeal as untimely. Rec. Doc. No. 22.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that MICHAEL D. FISH's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this ___14th_____ day of _____AUGUST_____, 2009.

_____
UNITED STATES DISTRICT JUDGE